UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leonard Jeger, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    -v.-<br><br>Credit Collection Services,<br><br>                            Defendant(s). | Case. No.: 2:21-cv-6070<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leonard Jeger ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Credit Collection Services ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Nassau.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a business address of 725 Canton St. Norwood, MA 02062 and an address for service of process at CT Corporation System, 28 Liberty St., New York, NY 10005.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant sent a collection letter;
    c. attempting to collect a consumer debt;
    d. arising from homeowner's insurance;
    e. for a time period that predates the individual's ownership of the house;
    f. on behalf of the Creditor, Allstate Insurance Company;
    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether

the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, and 1692f et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. 1692d, 1692e, and 1692f et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class

members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth herein.

20. Plaintiff allegedly incurred an obligation to Allstate Insurance Company (hereinafter "Allstate").

21. The alleged obligation arose out of homeowner's insurance allegedly provided to Plaintiff. The subject of the transaction(s), were incurred solely for personal, household or family purposes.

22. Upon information and belief, Allstate contracted Defendant to collect the subject defaulted debt from Plaintiff.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3) as he is allegedly obligated to pay the debt to Defendant. Therefore, all of the FDCPA provisions protect the Plaintiff, as he is erroneously treated as a debtor by the Defendant debt collector.

24. The alleged Allstate obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Allstate is a "creditor" as defined by 15 U.S.C. § 1692a (4).

26. The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6), as the Defendant uses the instrumentalities of interstate commerce or the mails in their business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. The Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – September 7, 2021 Collection Letter*

28. On or about September 7, 2021, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Allstate (See the "Letter" attached as Exhibit A).

29. The letter was addressed to the Plaintiff and said, "This is an opportunity to resolve your past due account at a discount."

30. The letter further demanded payment in the amount of $262.28 and included a payment slip on the bottom of the letter.

31. The Letter clearly indicates that the Defendant expects Plaintiff to pay this debt in order to resolve and close the account.

32. The least sophisticated consumer would assume that he is personally obligated to pay this debt based on the language in the Letter, as the Plaintiff assumed.

33. Plaintiff contacted Defendant to inform them that he did not owe the subject debt. He spoke to the Defendant on the phone and informed them that the debt relates to a time period pre-dating his ownership of his home and therefore, he does not owe this debt and they should stop collecting the improper debt from him.

34. The representative for Defendant in form and substance told Plaintiff to call the creditor because it was not their problem.

35. Then, Defendant continued to attempt collection for the subject debt.

36. The Letter is deceptive and misleading because it states that a payment is due, including instructions for payment, when the Plaintiff bears no obligation to pay this debt.

37. It is unfair, unconscionable, deceptive and misleading to attempt to trick consumers into paying debts that are not their own.

38. Defendant was aware that Plaintiff did not owe any debt and attempted to collect the debt from Plaintiff nonetheless.

39. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

40. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

41. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

42. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

43. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff did not understand the status of the debt alleged against him.

44. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

45. Plaintiff repeats the above allegations as if set forth here.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

47. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

48. Defendant continued to engage in debt collection subsequent to Plaintiff's request that Defendant stop collection efforts, the natural consequence of which is to harass, oppress, and/or abuse Plaintiff.

49. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats the above allegations as if set forth here.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant deceptively and/or misleadingly implied that Plaintiff had an obligation to pay the debt when in fact Plaintiff did not have such an obligation, in violation of § 1692e and § 1692e (10).

54. Additionally, the Defendant misrepresented the character and legal status of the debt by stating there is an "amount due" associated with the Plaintiff's name when the Plaintiff has no such legal obligation to pay the alleged debt, in violation of § 1692e (2).

55. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

56. Plaintiff repeats the above allegations as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

58. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

59. Specifically, it is a violation of 1692f(1) to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

60. Plaintiff did not owe a debt for homeowner's insurance for a period of time prior to his ownership of the house for which the insurance proceeds were being collected.

61. Therefore, Defendant violated §1692f and 1692f(1) by unfairly collecting or attempting to collect the subject debt, as the amount was not expressly authorized by the agreement creating the debt or permitted by law.

62. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Leonard Jeger, individually and on behalf of all others similarly situated, demands judgment from Defendant Credit Collection Services as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:     November 1, 2021                                 Respectfully Submitted,

                                                                                           **Stein Saks, PLLC**

                                                                                           /s/ *Tamir Saland*
                                                                                           Tamir Saland, Esq.
                                                                                           One University Plaza, Ste. 620
                                                                                           Hackensack, NJ, 07601
                                                                                           P. (201) 282-6500 ext. 122
                                                                                           F. (201) 282-6501
                                                                                           tsaland@SteinSaksLegal.com
                                                                                           *Attorneys for Plaintiff*